IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GRAMERCY GROUP, INC., <br><br> Plaintiff, <br><br> vs. <br><br> D.A. BUILDERS, LLC aka D.A. BUILDERS; DAVID A. ALCOS III; JOHN DOES 1-20; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; OTHER ENTITIES 1-10, <br><br> Defendants. | CIVIL NO. 16-00114 JMS-KSC <br><br> ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' (1) MOTION TO COMPEL DEPOSITION TESTIMONY OF VINCENT PARZIALE AND (2) MOTION TO COMPEL DEPOSITION TESTIMONY OF GREGG JENKINSON AND CRAIG LEBEL |

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' (1) MOTION TO COMPEL DEPOSITION TESTIMONY OF VINCENT PARZIALE AND (2) MOTION TO COMPEL DEPOSITION TESTIMONY OF GREGG JENKINSON AND CRAIG LEBEL

Before the Court are Defendants' 1) Motion to Compel Deposition Testimony of Vincent Parziale, filed October 11, 2017, and 2) Motion to Compel Deposition Testimony of Gregg Jenkinson and Craig Lebel, filed October 16, 2017. After careful consideration of the parties' submissions, counsel's arguments, and the applicable law, the Court HEREBY GRANTS IN PART AND DENIES IN PART the Motions for the reasons articulated below.

BACKGROUND

As the Court and the parties are well acquainted with the factual history of this case, the Court includes only

those facts relevant to the disposition of the subject Motions.

On February 19, 2016, prior to the commencement of this action, Plaintiff proposed an Amendment to Subcontract and General Release ("Proposed Amendment") to Defendant D.A. Builders. In support of Plaintiff's pending motions for summary judgment ("MSJs"), Vincent Parziale, Plaintiff's President/CEO, has submitted multiple declarations that include attestations about the Proposed Amendment. Parziale described the Proposed Amendment, prepared by counsel Marie Ann Hoenings, as a good faith attempt to resolve an escalating legal dispute. He also made a number of representations concerning the terms of the Proposed Amendment.

Defendants deposed Parziale, Gregg Jenkinson, and Craig Lebel on October 5, October 11, and October 12, 2017, respectively. During each deposition, Plaintiff's counsel invoked Federal Rule of Evidence ("FRE") 408 and/or attorney-client privilege and instructed the deponents not to respond to questions concerning the Proposed Amendment or about funds transferred between Plaintiff and general contractor dck/FWF.

Defendants elected to adjourn the depositions early given the parties' dispute about defense counsel's line of questioning.

2

The present Motions followed.

LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 26 provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). At the same time, it has its "ultimate and necessary boundaries." Id. "District courts have broad discretion in determining relevancy for discovery purposes." Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005) (citing Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002)).

The 2015 amendment to FRCP 26 added proportionality as a requirement for obtaining discovery. Thus, "relevancy

alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case." Centeno v. City of Fresno, Case No. 1:16-cv-00653-DAD-SAB, 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citing In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016)). Addressing all proportionality considerations does not rest solely with the party seeking discovery. Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment. Instead, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Id.

District courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). Limits also should be imposed where the requesting party has had ample opportunity to obtain the information through discovery in the action or the discovery is outside the scope of permissible discovery under FRCP 26(b)(1). Id.

When a deponent fails to respond to a question, the party seeking discovery may file a motion to compel. Fed. R.

Civ. P. 37(a)(3)(B)(i). "When taking an oral deposition, the party asking a question may complete or adjourn the examination before moving for an order." Fed. R. Civ. P. 37(a)(3)(C).

ANALYSIS

Defendants seek to compel testimony from Parziale, Jenkinson, and Lebel about the factual circumstances surrounding the Proposed Amendment and Plaintiff's claims against dck/FWF. Plaintiff counters that the requested testimony is protected by FRE 408 and the attorney-client privilege.

As an initial matter, the Court finds that the requested discovery is relevant and proportional to the needs of the case. Plaintiff injected Parziale's statements into the litigation by submitting declarations in support of its MSJs. The statements bear on the parties' claims and defenses and Plaintiff will not be unduly burdened by further questioning that will occur during the continued depositions that Defendants are entitled to complete. This is particularly true where, as here, the premature adjournment of the depositions was caused by Plaintiff's counsel's instruction that the deponents not respond to the line of questioning at issue here.

Having concluded that the subject discovery is relevant and proportional, the Court now considers whether the attorney-client privilege or FRE 480 preclude Defendants from obtaining the requested deposition testimony.

A.  Attorney-Client Privilege Does Not Bar All Questioning

Plaintiff erroneously cites and relies on federal law with respect to its attorney-client privilege arguments. State law governs the attorney-client privilege in diversity cases. Fed. R. Evid. 501 ("[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."); In re Cal. Pub. Utilities Comm'n, 892 F.2d 778, 781 (9th Cir. 1989) ("In diversity actions, questions of privilege are controlled by state law."); Blueearth Biofuels, LLC v. Hawaiian Elec. Co., Inc., No. 09-00181 DAE-KSC, 2010 WL 11425708, at *3 (D. Haw. May 11, 2010) (citing KL Group v. Case, Kay & Lynch, 829 F.2d 909, 918 (9th Cir. 1987)). The party asserting attorney-client privilege has the burden of establishing its existence and validity. Dicenzo v. Izawa, 68 Haw. 528, 536, 723 P.2d 171, 176 (1986). To be protected by the privilege, "confidential communications [must be] made for the purpose of facilitating the rendition of professional legal services." Haw. R. Evid. 503(b); Save Sunset Beach Coalition v. City and

6

Cty. of Honolulu, 102 Hawai'i 465, 484-85, 78 P.3d 1, 20-21 (2003). According to the Hawaii Supreme Court, the privilege may be invoked when the following is established:

> (1) where legal advice of any kind is sought (2) from a professional legal adviser in his [or her] capacity as such, (3) the communication relating to that purpose, (4) made in confidence (5) by the client, (6) are at his [or her] instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

Id. at 485, 78 P.3d at 21 (quoting Sapp v. Wong, 62 Haw. 34, 38, 609 P.2d 137, 140 (1980)). The privilege applies to communications to and from the attorney. Metzler Contracting Co. LLC v. Stephens, 642 F. Supp. 2d 1192, 1202 (D. Haw. 2009). There may be no privilege when a third party is present during the attorney-client communications, or when there is an absence of an attorney-client relationship. Id. at 1203.

It is well-established that attorney-client communications must involve legal advice or services. Haw. R. Evid. 503(b); Sunset Beach, 102 Hawai'i at 485, 78 P.3d at 21. However, the request for advice need not be express. The "privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice." Upjohn Co. v. United States, 449

U.S. 383, 390 (1981). The U.S. Supreme Court has explained that

> A fact is one thing and a communication concerning that fact is an entirely different thing. The client cannot be compelled to answer the question, "What did you say or write to the attorney?" but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney.

Id. at 395-96 (citation and quotations omitted).

Plaintiff argues that the requested testimony is protected by the attorney-client privilege because Parziale, Jenkinson, and Lebel's understanding and knowledge of complex legal issues arise solely from the advice of counsel or from conversations with counsel. According to Plaintiff, because Parziale, Jenkinson, and Lebel's knowledge is inextricably intertwined with information relayed by counsel, the deposition questions are tantamount to asking them for privileged communication with counsel. The Court disagrees.

The attorney-client privilege does not bar Defendants from eliciting some of the requested testimony from Parziale, Jenkinson, and Lebel merely because they might have learned or obtained factual information or knowledge from counsel. The questions presented to the deponents do not exclusively concern attorney-client communications; they are largely factual and pertain to matters central to this case.

Plaintiff opened the door by submitting Parziale's declarations in support of its MSJs. It cannot use information in a effort to prevail against Defendants, then assert attorney-client privilege to prevent discovery about that very information. Consequently, while Defendants may not ask Parziale, Jenkinson, or Lebel to divulge privileged communications, they may inquire about the Proposed Amendment and the attendant circumstances, as set forth in Parziale's declarations.

B. <u>FRE 408</u>

Plaintiff also relies on FRE 408 to preclude the subject deposition questions. In doing so, Plaintiff conflates relevance and admissibility. FRE 408 states that evidence of "furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim" or "conduct or a statement made during compromise negotiations about the claim" are "<u>not admissible</u>--on behalf of any party--either <u>to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction</u>." Fed. R. Evid. 408(a) (emphases added). "The prohibition on using compromise negotiations is therefore limited and the rule does not bar

the admission of such negotiations for other permissible purposes." Phoenix Sols. Inc. v. Wells Fargo Bank, N.A., 254 F.R.D. 568, 584 (N.D. Cal. 2008); Fed. R. Evid. 408(b) ("The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.").

FRE 408 is not, as Plaintiff claims, a privilege precluding the discovery of relevant information. It does not protect settlement negotiations from discovery and "[o]n its face, the rule applies to the admissibility of evidence at trial, not to whether evidence is discoverable." Phoenix Sols., 254 F.R.D. at 584. Insofar as discovery rules do not affect the admissibility of evidence, FRE 408 "does not require any special restriction on Rule 26." Id. (citation and quotation omitted).

The Motions are granted to the extent Defendants seek testimony about factual information or the deponents' knowledge related to the Proposed Amendment and/or the claims against dck/FWF. As explained above, FRE 408 does not foreclose the discovery of settlement negotiations, and Plaintiff may not use it as a shield to preclude the examination of witnesses about the Proposed Amendment or other

settlement negotiations.[1]

C. <u>Continued Depositions and Additional Time</u>

Defendants request that they be permitted to complete the subject depositions in Honolulu, Hawaii, and that they be granted an additional 1.25 hours to depose Parziale. FRCP 30(d) limits a deposition to "one day of 7 hours." Fed. R. Civ. P. 30(d). However, "[t]he court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." <u>Id.</u>

Because the Court has concluded that Plaintiff's counsel's assertion of the attorney-client privilege and FRE 408 was largely improper, an additional 1.25 hours to depose Parziale is necessary to fairly examine him and complete the deposition.

As for the location of the continued depositions, the Court orders that Parziale, Jenkinson, and Lebel appear on the West Coast, in a city and on a date agreed to by the parties. This compromise location is equitable because

---

[1] Because multiple discovery disputes have been presented to the Court about the applicability of FRE 408, the Court emphasizes that Plaintiff may not invoke FRE 408 to preclude any discovery.

additional depositions are expected be taken in that geographic region.

For these reasons, the Court GRANTS IN PART AND DENIES IN PART the Motions as follows:

1. Jenkinson is directed to respond to the questions on page 5 of the Reply and Lebel is directed to respond to questions regarding the terms of the Proposed Amendment. Questioning is not limited to the foregoing.

2. Parziale is directed to respond to questions on pages 7-8 of the Reply. These questions do not implicate the attorney-client privilege. Parziale is further directed to respond to the questions on pages 8 (starting at the bottom of the page)-9 of the Reply, though only to the extent a response does not implicate the attorney-client privilege. Questioning is not limited to the foregoing. As explained above, the privilege does not apply merely because Parziale might have obtained information from counsel.

3. Jenkinson and Lebel shall appear for the completion of their depositions on the West Coast on a date and at a time agreed to by the parties.

4. Parziale shall appear for the completion of his deposition on the West Coast on a date and at a time agreed to by the parties. The Court finds that an additional 1.25 hours beyond the time remaining from the initial deposition is necessary to fairly examine him.

5. The Court, exercising its discretion, declines to award fees and costs.[2]

---

[2] FRCP 37(a)(5)(C) provides: "If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

CONCLUSION

Based on the foregoing, Defendants' Motions (Doc. Nos. 130 & 137) are HEREBY GRANTED IN PART AND DENIED IN PART.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 8, 2017.



Kevin S.C. Chang
United States Magistrate Judge

CV 16-00114 JMS-KSC; Gramercy Group, Inc. v. D.A. Builders, LLC, et al.; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' (1) MOTION TO COMPEL DEPOSITION TESTIMONY OF VINCENT PARZIALE AND (2) MOTION TO COMPEL DEPOSITION TESTIMONY OF GREGG JENKINSON AND CRAIG LEBEL