IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

GRAMERCY GROUP, INC.,           )   CIVIL NO. 16-00114 JMS-KSC
                                )
          Plaintiff,            )
                                )
     vs.                        )   ORDER DENYING PLAINTIFF'S
                                )   MOTION FOR PROTECTIVE ORDER
D.A. BUILDERS, LLC aka D.A.     )
BUILDERS; DAVID A. ALCOS III;   )
JOHN DOES 1-20; JANE DOES 1-    )
10; DOE CORPORATIONS 1-10;      )
DOE PARTNERSHIPS 1-10; OTHER    )
ENTITIES 1-10,                  )
                                )
          Defendants.           )
                                )
_____ )

ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

          Before the Court is Plaintiff's Motion for Protective

Order, filed September 28, 2017, which seeks to preclude the

deposition of its counsel Marie Ann Hoenings.  After careful

consideration of the parties' submissions, counsel's arguments,

and the applicable law, the Court HEREBY DENIES the Motion for

the reasons set forth below.

BACKGROUND

          As the Court and the parties are well acquainted with

the factual history of this case, the Court includes only those

facts relevant to the disposition of the instant Motion.

          On February 19, 2016, prior to the commencement of this

action, Plaintiff proposed an Amendment to Subcontract and

General Release ("Proposed Amendment") to Defendant D.A.

Builders.  In support of Plaintiff's pending motions for summary

judgment ("MSJs"), both Vincent Parziale, Plaintiff's President/CEO, and Hoenings submitted multiple declarations that include representations about the Proposed Amendment.

On September 8, 2017, defense counsel informed Plaintiff's counsel that they intended to notice Hoenings' deposition. Plaintiff responded that it would not produce her for a deposition. Defendants noticed Hoenings' deposition, but following the conferral process, they continued the deposition date pending the adjudication of this Motion.

<u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure ("FRCP") 26 provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351 (1978). At the same time, it has its "ultimate and necessary boundaries." <u>Id.</u> "District courts have broad discretion in determining relevancy for discovery purposes."

2

Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005) (citing Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002)).

The 2015 amendment to FRCP 26 added proportionality as a requirement for obtaining discovery. Thus, "relevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case." Centeno v. City of Fresno, Case No. 1:16-cv-00653-DAD-SAB, 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citing In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016)). Addressing all proportionality considerations does not rest solely with the party seeking discovery. Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment. Instead, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Id.

Courts may terminate or limit the manner and scope of a deposition, for good cause, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). If the Court denies the motion for protective order in whole or in part, "the court may, on just terms, order that any party or person provide or permit discovery." Fed. R. Civ. P. 26(c)(2).

3

Generally, the party seeking the protective order has the heavy burden of demonstrating that "good cause" exists for the protection of the materials.  <u>Rivera v. NIBCO, Inc.</u>, 384 F.3d 822, 827 (9th Cir. 2004) (citation omitted).  "'Good cause' is established where it is specifically demonstrated that disclosure will cause a 'specific prejudice or harm.'"  <u>Id.</u> (quoting <u>Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.</u>, 307 F.3d 1206, 1211-12 (9th Cir. 2002)).  This standard is not satisfied by "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning."  <u>Id.</u> (citing <u>Phillips</u>, 307 F.3d at 1211-12).  Rather, a party seeking to obtain a protective order must make a "particularized showing of good cause." <u>Phillips</u>, 307 F.3d at 1211 (quoting <u>San Jose Mercury News, Inc. v. U.S. Dist. Court--Northern Dist. (San Jose)</u>, 187 F.3d 1096, 1103 (9th Cir. 1999)).

<u>DISCUSSION</u>

Plaintiff argues that Defendants should not be permitted to depose Hoenings because they are unable to satisfy the three-part test enunciated in <u>Shelton v. American Motors Corp.</u>, 805 F.2d 1323 (8th Cir. 1987).  Plaintiff proffers that the <u>Shelton</u> test is applicable because Hoenings is Plaintiff's litigation counsel and any questioning is likely to focus on Plaintiff's litigation strategy, which in turn implicates the attorney-client privilege and work product doctrine.

4

Although Defendants contest the applicability of the Shelton test, which has yet to be adopted by the Ninth Circuit, they submit that the requisite elements of the Shelton test are satisfied under the circumstances of this case.

A.   Deposing a Party's Attorney

FRCP 30(a)(1) authorizes a party to depose any person. Fed. R. Civ. P. 30(a)(1) ("A party may, by oral questions, depose any person, including a party."). With respect to deposing a party's attorney, courts have required the party seeking discovery to establish that: "(1) No other means exist to obtain the information than to depose opposing counsel; (2) The information sought is relevant and nonprivileged; and (3) The information is crucial to the preparation of the case." Am. Cas. Co. of Reading, Pa. v. Krieger, 160 F.R.D. 582, 589 (S.D. Cal. 1995) (quoting Shelton, 805 F.2d at 1327); Marine Lumber Co. v. Precision Moving & Storage, No. CV 16-00365 LEK-RLP, 2016 WL 9488599, at *2 (D. Haw. Dec. 23, 2016). Defendants have met this test.[1]

---

[1] Because Defendants easily satisfy this test, the Court declines to engage in a discussion about whether a preliminary test must be considered before applying the Shelton factors. The Shelton test is not mandatory in this circuit, but it provides a framework for evaluating the present discovery issue and many district courts have applied it.

1.    <u>Hoenings' Deposition is the Only Means of Obtaining the
      Requested Information</u>

First, no other means exist to obtain the information
than to depose Hoenings.  Plaintiff insists that Hoenings's
deposition is unnecessary because Parziale's declarations verify
her statements and he has already testified as to every fact at
issue in Hoenings' declarations.  However, any contention that
Parziale's testimony has provided the requested information is
disingenuous.

During Parziale's deposition, Plaintiff's counsel
invoked the attorney-client privilege and FRE 408 and directed
Parziale not to answer questions about: the Proposed Amendment,
statements in Parziale's declarations, and any settlement
negotiations.  To date, Defendants have been unable to procure
complete testimony from Parziale.  Thus, Plaintiff has prevented
Defendants from obtaining by other means the information they
seek from Hoenings.  Moreover, notwithstanding the Court's recent
ruling that neither FRE 408 nor the attorney-client privilege
preclude Defendants from obtaining Parziale's testimony about his
statements related to the Proposed Amendment,[2] it is impossible
to predict what testimony Parziale will provide at his continued

---

[2]    <u>See</u> Order Granting in Part and Denying in Part
Defendants' (1) Motion to Compel Deposition Testimony of Vincent
Parziale and (2) Motion to Compel Deposition Testimony of Gregg
Jenkinson and Craig Lebel ("Order Compelling Depositions"), Doc.
No. 173.

deposition.

Even if Parziale provided sufficient information, Defendants would nevertheless be entitled to depose Hoenings because she submitted her own declarations. That Parziale provided declarations with similar statements should not deprive Defendants of the opportunity to depose Hoenings to elicit her personal knowledge about her attestations, which may differ from Parziale's personal knowledge. Parziale's testimony is not an adequate substitute, as he is unable to testify about Hoenings' knowledge. Hence, the Court finds that deposing Hoenings is the only means of obtaining the requested information.

Plaintiff has advanced contradictory positions during the course of discovery motions practice. Notably, to support its previous effort to prohibit discovery based on the attorney-client privilege, Plaintiff argued that Parziale acquired knowledge regarding the Proposed Amendment and other issues from counsel.[3] If that were true, it is unclear how Parziale could verify Hoenings' attestations. Indeed, assuming Parziale's statements were informed by Hoenings, she would arguably be a more suitable deponent than Parziale for the requested information.

---

[3] The Court concluded that the attorney-client privilege did not preclude discovery about the Proposed Amendment merely because some knowledge may have been acquired from counsel.

2. <u>The Requested Information is Relevant and Nonprivileged</u>

Second, the requested information is relevant, nonprivileged, and proportional to the needs of the case. Plaintiff elected to submit Hoenings' declarations in connection with its MSJs, but now characterizes her statements as "minimal facts limited to those required to show that the Settlement Agreement is protected under [Federal Rule of Evidence ("]FRE["])] 408." Mem. in Supp. of Mot. at 4. Plaintiff even goes so far as to argue that Hoenings' statements are irrelevant to Defendants' case[4] because they were submitted solely to demonstrate that FRE 408 protects the Proposed Amendment. This is a transparent attempt to minimize the significance of Hoenings' statements for the purpose of avoiding discovery.

Plaintiff has engaged in a pattern of hiding behind FRE 408 throughout the discovery process. As the Court determined in

---

[4] Plaintiff misapprehends the relevance standard. In prior briefing, and again here, Plaintiff employs a restrictive and erroneous definition of relevance. Mem. in Supp. of Mot. at 13; <u>see</u> <u>also</u> Doc. No. 127 at 9-13 (arguing that the settlement agreement and related documents have nothing do with D.A. Builders' claims and defenses while simultaneously arguing that the production of those documents would be severely prejudicial because they are material to Plaintiff's claims and defenses in this litigation). Relevance encompasses nonprivileged discovery related to "any party's claim or defense", not only the requesting party's case. Here, the Proposed Amendment, along with Hoenings' related statements, are relevant to the parties' claims and defenses. It is axiomatic that if requested discovery is relevant to Plaintiff's claims, it is necessarily relevant to Defendants' defenses, and vice versa. But FRCP 26 does not require even that. Discovery need only relate to a claim <u>or</u> defense.

its Order Compelling Depositions, FRE 408 does not preclude discovery. Nor does it render discovery irrelevant or per se preclude the admissibility of settlement-related documents. The fact that Plaintiff might have provided Hoenings' statements for the limited above-described purpose does not protect those statements from further inquiry via deposition or other discovery mechanisms.

Inasmuch as the Proposed Amendment is relevant to the parties' claims and defenses, so too are related statements, regardless of who provided the statements. Plaintiff cannot present statements in an effort to prevail on its MSJs, then prohibit any corresponding discovery. The statements in Hoenings' declarations are nonprivileged[5] and a specific line of questioning about the factual circumstances surrounding the Proposed Amendment would likewise include some nonprivileged information. Defendants have therefore satisfied the second prong.

3. <u>The Requested Information is Crucial to the Preparation of the Case</u>

Lastly, the Court finds that the requested information is crucial to the preparation of the case. As discussed above,

---

[5] Recognizing that inquiry of Hoenings potentially implicates the attorney-client privilege, this determination should not be interpreted to mean that any and all questions related to the Proposed Amendment are proper. Hoenings should not be asked to reveal privileged communications.

Plaintiff deemed it necessary to present Hoenings' declarations with its MSJs. Depriving Defendants of the opportunity to meaningfully respond would be patently unfair and would promote gamesmanship. Plaintiff is requesting the adjudication of claims as a matter of law, yet it effectively seeks to prevent Defendants from opposing its assertions. Hoenings' knowledge and testimony about the statements in her declarations are crucial to the preparation of the case. For the reasons stated above, Parziale's testimony (past or future) does not obviate Defendants' need to obtain the requested information directly from Hoenings.

The Court finds that Defendants have met their burden to depose Hoenings. By contrast, Plaintiff fails to meet its heavy burden of establishing that good cause exists to prevent Hoenings' deposition. Accordingly, Plaintiff's request for a protective order is DENIED.

B.   Award of Expenses

Defendants request the fees and costs opposing this Motion. FRCP 37(a)(5) applies to the award of expenses. Fed. R. Civ. P. 26(c)(3). When a motion is denied, courts

> must, after giving an opportunity to be heard,
> require the movant, the attorney filing the
> motion, or both to pay the party or deponent who
> opposed the motion its reasonable expenses
> incurred in opposing the motion, including
> attorney's fees. But the court must not order
> this payment if the motion was substantially
> justified or other circumstances make an award of

expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B). There being no substantial justification for the Motion,[6] nor other circumstances that would make an award of expenses unjust, the Court finds that Defendants are entitled to the fees and costs reasonably incurred in opposing this Motion. Defense counsel shall submit a declaration that conforms with Local Rules 54.2 and 54.3, setting forth its request for expenses.

CONCLUSION

Based on the foregoing, Plaintiff's Motion for Protective Order (Doc. No. 124) is HEREBY DENIED.

IT IS SO ORDERED.

DATED:    Honolulu, Hawaii, November 9, 2017.



Kevin S.C. Chang
United States Magistrate Judge

CV 16-00114 JMS-KSC; Gramercy Group, Inc. v. D.A. Builders, LLC, et al.; ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

---

[6] The Court believes that the Motion lacks justification because Plaintiff relies heavily upon the argument that the requested information has been obtained from Parziale, but it prevented Defendants from eliciting more comprehensive responses during Parziale's deposition.