IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GRAMERCY GROUP, INC., | ) | CIVIL NO. 16-00114-JMS-KSC |
| | ) | |
| Plaintiff, | ) | DECLARATION OF HARVEY J. |
| | ) | LUNG |
| vs. | ) | |
| | ) | |
| D.A. BUILDERS, LLC a/k/a D.A. | ) | |
| BUILDERS; DAVID A. ALCOS III; | ) | |
| JOHN DOES 1-20, JANE DOES 1-10; | ) | |
| DOE CORPORATIONS 1-10, DOE | ) | |
| PARTNERSHIPS 1-10, and OTHER | ) | |
| ENTITIES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

DECLARATION OF HARVEY J. LUNG

I, HARVEY J. LUNG, state as follows:

1.      I am a partner with the law firm of Bays Lung Rose & Holma

("BLRH"), attorneys for Plaintiff Gramercy Group, Inc. ("Gramercy"), and am

admitted to practice before all courts of the State of Hawaii.

2.      I submit this declaration in support of the foregoing Motion in

Limine No. 7 requesting exclusion of any evidence, testimony or arguments

relating to Gramercy's employees' ethnicity; their alleged connections to the

Mafia, the Mob, or organized crime; or the complaint filed against Gramercy with

the Regulated Industries' Complaint Office ("RICO")

535967-3

3.      This declaration is based on my own personal knowledge.

4.      Attached hereto as Exhibit 1 is a true and correct copy of an excerpted portion of the Videotaped Deposition of Travis Alcos, taken in this matter.

5.      Attached hereto as Exhibit 2 is a true and correct copy of an excerpted portion of the Videotaped Deposition of David Alcos, taken in this matter.

6.      Attached hereto as Exhibit 3 is a true and correct copy of a recently conducted search for any complaints against Gramercy on the RICO website..

7.      The RICO investigator, Mr. Robert Aiu, refused to provide a copy of the complaint, any documentation supporting the allegations in the complaint, any information from interviews Mr. Aiu conducted as a result of the complaint, or any information at all regarding the complaint against Gramercy.

8.      Despite the investigator's refusal to provide anything to give Gramercy, the subject of the "investigation," sufficient notice of the "charges" against it, Gramercy cooperated with the investigation.

9.      Gramercy was never provided a copy of any written complaint filed by or with RICO, and Gramercy is not aware that any such document or record exists.  Gramercy only learned of the RICO investigation through

2

535967-3

communications with Mr. Aiu and the RICO attorney assigned to the matter, Ms. Wendy Utsumi. Mr. Aiu and Ms. Utsumi requested that Gramercy send periodic "status updates" to RICO to notify them of how this lawsuit was proceeding. Gramercy sent the last such "status update" to RICO on April 10, 2017, and Gramercy never received any response to that letter. To the best of my recollection and based on my review of my files, I believe the last time RICO contacted Gramercy was during late-2016. Gramercy has never been sanctioned or fined by RICO, and RICO has never taken any action against Gramercy.

10.     Counsel for DAB had intimated on several occasions that DAB may have to file for bankruptcy if they do not prevail in this matter.

11.     DAB's counsel has also be represented on several occasions that Mr. David Alcos will have to file for bankruptcy as an individual and that his house may be foreclosed upon if DAB does not prevail.

I, HARVEY J. LUNG, declare under penalty of perjury that the foregoing is true and correct.

DATED:     Honolulu, Hawaii, February 20, 2018.


/s/ Harvey J. Lung
HARVEY J. LUNG

3

535967-3