IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GRAMERCY GROUP, INC., | ) | CIVIL NO. 16-00114 JAO-KSC |
| | ) | |
| Plaintiff, | ) | ORDER (1) DENYING PLAINTIFF'S |
| | ) | MOTION TO AMEND THE |
| vs. | ) | DEADLINE TO FILE MOTIONS IN |
| | ) | LIMINE AND (2) GRANTING IN |
| D.A. BUILDERS, LLC aka D.A. | ) | PART AND DENYING IN PART |
| BUILDERS; DAVID A. ALCOS III; | ) | DEFENDANTS' MOTION TO |
| JOHN DOES 1-20; JANE DOES 1- | ) | AMEND THE SIXTH AMENDED |
| 10; DOE CORPORATIONS 1-10; | ) | RULE 16 SCHEDULING ORDER TO |
| DOE PARTNERSHIPS 1-10; | ) | PERMIT THE FILING OF THREE |
| OTHER ENTITIES 1-10, | ) | ADDITIONAL MOTIONS IN LIMINE |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER (1) DENYING PLAINTIFF'S MOTION TO AMEND
THE DEADLINE TO FILE MOTIONS IN LIMINE AND (2) GRANTING IN
PART AND DENYING IN PART DEFENDANTS' MOTION TO AMEND
THE SIXTH AMENDED RULE 16 SCHEDULING ORDER TO PERMIT
THE FILING OF THREE ADDITIONAL MOTIONS IN LIMINE

I. INTRODUCTION

Plaintiff Gramercy Group Inc. ("Plaintiff") and Defendants D.A. Builders, LLC and David A. Alcos III (collectively "Defendants") both request leave to amend the motions in limine deadline set forth in the Sixth Amended Rule 16 Scheduling Order filed on June 15, 2018. The Court elects to decide this matter without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice for the U.S. District Court for the District of Hawaii. After careful consideration of the

parties' submissions, the record, and the applicable law, the Court DENIES Plaintiff's Motion and GRANTS IN PART AND DENIES IN PART Defendants' Motion for the reasons set forth below.

## II. BACKGROUND

As the Court and the parties are familiar with the extensive history in this case, it need not be recounted here.

On November 9, 2017, the Court issued a Fourth Amended Rule 16 Scheduling Order, which established February 20, 2018, as the deadline to file motions in limine. Doc. No. 177. In the subsequently issued Fifth and Sixth Amended Rule 16 Scheduling Orders, the motions in limine deadline was closed.

The parties filed motions in limine pursuant to the February 20, 2018 deadline. On March 5, 2018, Chief Judge Seabright issued an Entering Order ("EO") terming all motions in limine pending the scheduling of a new trial date and instructing the parties to file notices of reinstatement of the motions.

On August 27, 2018, Judge Chang issued an Order Denying Plaintiff's Motion to Amend the Sixth Amended Scheduling Order [Dkt. 306] to Permit the Filing of a Non-Dispositive Motion. Doc. No. 322. Judge Chang determined that "[a]llowing Plaintiff to file a motion to amend the scheduling order for the purpose of reopening discovery and extending the deadline to file additional motions in

limine at this late date will disrupt the timely and orderly administration of this case." *Id.* at 4. He also noted that the "continuance of the March 13, 2018 trial date was due to the pendency of motions for summary judgment and Chief Judge Seabright's schedule, not to allow continued motions practice and litigation." *Id.* at n.2.

At the October 15, 2018 status conference, the parties requested, and this Court authorized, the filing of motions for leave to file additional motions in limine. Doc. No. 369.

On October 16, 2018, Plaintiff filed a Motion to Amend the Deadline to File Motions in Limine, Doc. No. 380, and Defendants filed a Motion to Amend the Sixth Amended Rule 16 Scheduling Order to Permit the Filing of Three Additional Motions in Limine, Doc. No. 379, both of which are the subject of this Order.

On October 18, 2018, the Court issued a Seventh Amended Rule 16 Scheduling Order to reflect the new December 3, 2018 trial date and reset all trial-related deadlines in accordance with said trial date. Doc. No. 390.

## II. DISCUSSION

Plaintiff seeks leave to file a motion in limine to exclude the testimony of Paul Versage and a motion in limine to exclude witnesses with no

personal knowledge.¹ Defendants wish to file a motion in limine to exclude Plaintiff's untimely October 8, 2018 production; a motion in limine to exclude untimely substitutions and additions to its previously identified and produced trial exhibits 1-295; and a motion in limine to exclude the documents and exhibits produced on October 15, 2018.

As an initial matter, the Court emphasizes that the decision to authorize the filing of the instant Motions was not intended to contravene Judge Chang and Chief Judge Seabright's rulings in this case concerning the amendment of the scheduling order to extend the non-dispositive motions deadline. Rather, based on the nature of the request and the parties' representations at the October 15, 2018 status conference, and given the upcoming hearing on the currently pending motions in limine, the Court believed that judicial economy would be served by addressing the substance of the present requests.

Federal Rule of Civil Procedure ("FRCP") 16(b)(4) authorizes the modification of a scheduling order "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause inquiry "primarily considers the

---

¹ In its Memorandum in Support of its Motion, Plaintiff argues that its second proposed motion in limine seeks to exclude evidence that is not based on a witness's personal knowledge. However, the proposed motion, attached as Exhibit F, is titled "Motion in Limine No. 11 to Exclude Witnesses With no Personal Knowledge."

diligence of the party seeking the amendment." *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764 (9th Cir. 2017) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)); *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007). If the party seeking the modification was not diligent, the motion should be denied. *Branch*, 871 F.3d at 764; *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Zivkovic*, 302 F.3d at 1087 (quoting *Johnson*, 975 F.2d at 609). Prejudice to the non-moving party might supply additional reasons to deny the motion, but the inquiry focuses on the moving party's basis for seeking modification. *Johnson*, 975 F.2d at 609. The district court has "broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion." *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011) (quoting *Johnson*, 975 F.2d at 607) (quotations omitted).

A. <u>Plaintiff's Proposed Motions in Limine</u>

Plaintiff requests leave to file a motion in limine to exclude the testimony of Paul Versage and a motion in limine to exclude all witnesses with no

5

personal knowledge. Here, Plaintiff has not established good cause to amend the motions in limine deadline set forth in the Scheduling Order. Focusing on Plaintiff's diligence, the Court finds that Plaintiff did not act diligently in moving to amend the motions in limine deadline. The Court acknowledges that although the original deadline might not have reasonably been met, FRCP 16(b) is not satisfied because of the delays that occurred after the emergence of the issues that are the subject of the proposed motions in limine. Chief Judge Seabright and Judge Chang have already determined, and the same reasoning applies here due to the subject of the proposed motions in limine, that Plaintiff has not acted diligently.[2] It is unnecessary to rehash and re-analyze what has been clearly

---

[2] *See* Doc. Nos. 322, 324, 364. In his Order Denying Plaintiff's Motion to Amend the Sixth Amended Rule Scheduling Order [Dkt. 306] to Permit the Filing of a Non-Dispositive Motion, Judge Chang explained that he "authorized limited additional discovery to enable Plaintiff to address Defendant's late discovery productions." Doc. No. 322 at 3. He noted that "[n]either party appealed or sought reconsideration of the rulings" and that "[s]cheduling orders deadlines should not be reopened to provide Plaintiff with an avenue to request that the Court revisit prior rulings." *Id.* at 3-4. Judge Chang also determined that to the extent discovery issues arose after the issuance of his June 2018 rulings, Plaintiff has not exercised diligence. *Id.* at 4. Like Judge Chang, Chief Judge Seabright highlighted Plaintiff's lack of diligence:

> In his May 8 Order, Magistrate Judge Chang allowed limited additional discovery by Plaintiff, to be completed by July 6, 2018. ECF No. 300 at 4. The July 6 deadline came and went without Plaintiff completing that discovery.[] Then, Plaintiff

(continued...)

articulated in prior orders, particularly where, as here, the basis for the request relates to discovery issues that should have been raised and addressed months ago.

Even if Plaintiff had acted diligently, the motions would be denied without prejudice to raising issues pertaining to testimony, when appropriate, at trial.  The first proposed motion seeks to preclude Mr. Versage's testimony based on defense counsel's improper instruction not to answer deposition questions, as well as reliance on documents and data that have never been produced.  Without reaching the issue of whether defense counsel properly instructed Mr. Versage not to respond to certain questions, the Court finds that it would be improper to exclude testimony from Mr. Versage altogether.  Plaintiff had multiple opportunities to depose Mr. Versage and it cannot reasonably claim that all his testimony should be precluded.  Moreover, certain of the issues presented in the proposed motion in limine would more properly be the subject of objections at trial.

---

(...continued)
>waited over a month after the deadline — until August 7, 2018 — before filing its first motion to amend the scheduling order.[]  ECF No. 313.  Because Plaintiff was not diligent, it has not shown good cause why the court should amend the scheduling order.

Doc. No. 364 at 8.

The second proposed motion is overly broad and premature. The motion references two witnesses–Thomas Chock and Alan Quevido–who purportedly lack personal knowledge about handwritten notes on trial exhibits. Although Plaintiff contends that Messrs. Chock and Quevido's testimony must be excluded under Federal Rule of Evidence 602, the proposed motion and the conclusion of the memorandum in support of the proposed motion request exclusion of **all** witnesses who lack personal knowledge. Assuming that the proposed motion in fact seeks to exclude all witnesses lacking personal knowledge, and not just Messrs. Chock and Quevido, it would be inappropriate to preclude testimony that has yet to be presented, particularly without the context in which it is offered. If the proposed motion is in actuality limited to Messrs. Chock and Quevido, it would nevertheless be denied without prejudice for the same reason. Until the Court has an opportunity to hear their testimony, it declines to outright exclude them from testifying.[3]

B.   Defendants' Proposed Motions in Limine

Defendants request leave to file three motions in limine: a motion to exclude Plaintiff's untimely October 8, 2018 document production and trial

---

[3] It appears, based on Defendants' Opposition, that Messrs. Chock, and Quevido will not be witnesses at trial in any event. Doc. 387 at 7.

exhibits 300-421 that were not produced prior to October 9, 2018; a motion in limine to exclude exhibits that Plaintiff intends to substitute for and add to its previously identified trial exhibits 1-295; and a motion in limine to exclude the documents and new trial exhibits produced on October 15, 2018. Given that Defendants' request relates to productions that occurred between October 8-15, 2018, the Court finds that they could not have met the motions in limine deadline despite their diligence. Nor could they have earlier sought leave to amend the deadline. Accordingly, Defendants have established good cause to amend the scheduling order for the purpose of filing motions in limine.

This Court's determination does not end there, however. All three proposed motions in limine seek, in whole or in part, to exclude documents produced as exhibits based on untimeliness. To the extent the proposed motions request exclusion based on untimely production pursuant to the deadline to identify and exchange exhibits, they are denied as moot. The deadline against which Defendants measure timeliness is October 9, 2018, the deadline set forth in the Sixth Amended Rule 16 Scheduling Order to identify and exchange exhibits. While the Court recognizes that this deadline was in effect at the time the pertinent exhibits were produced, and when Defendants filed the instant Motion, a Seventh Amended Rule 16 Scheduling Order has since issued. In it, the exhibit deadline

9

has been extended until November 6, 2018.

The Court understands that at the October 22, 2018 status conference before Judge Chang, Defendants expressed disagreement with the continuance of certain of the trial-related deadlines.  However, not only is it a customary within this district for trial-related deadlines to correspond to the new trial date, this Court has broad discretion to set deadlines as it deems appropriate.

At the March 5, 2018 hearing on Plaintiff's motions for summary judgment before Chief Judge Seabright, he indicated that motions in limine were cut off, though the parties could seek leave to file additional motions in limine, and that he would not reopen deadlines that had expired or where the parties had met filing deadlines.  Defs.' Mot., Ex. C.  Chief Judge Seabright understandably intended to limit any additional filings or litigation at that point because the case was then ready to proceed to trial on March 13, 2018.  However, he did not preclude any additional filings and in fact recognized the possibility that circumstances might require leave of Court to submit additional filings.  Indeed, the practical reality of Defendants' suggestion that the extension of deadlines is precluded by Chief Judge Seabright's statements is that the parties would have been disallowed from submitting anything additional between March and the November 6, 2018 trial date, as all deadlines set forth in the Fourth Amended Rule

10

16 Scheduling Order had expired as of March 5, 2018. Doc. No. 177. The record clearly reflects that this has not been the case.

Considerable litigation and motions practice have occurred since March that Chief Judge Seabright was not privy to at the time he made his statements. Notably, he did not take issue with the continuances of trial-related deadlines in the Fifth Amended Rule 16 Scheduling Order and the Sixth Amended Rule 16 Scheduling Order; the deadlines corresponded with the respective trial dates. The Court therefore declines to address motions concerning the untimeliness of documents based on a deadline that has been superseded by the Seventh Amended Rule 16 Scheduling Order.[4]

To the extent Defendants request leave to file motions in limine regarding untimely production of documents, as measured against the discovery deadline, the Court grants the Motion. Defendants shall file their motions[5] by **October 25, 2018**, and Plaintiff shall file any responses by **October 29, 2018**.

---

[4] This is not to say that the Court accepts or condones untimely production or submissions. The parties are reminded that they are expected to comply with all rules and deadlines. Deadlines will be strictly enforced.

[5] Based on the attached proposed motions in limine and the third proposed motion in limine described in the Motion, there should be no more than two motions filed, both of which would address untimely produced discovery.

C.    Motions Practice Prior to Trial

Due to the adversarial tenor of this litigation and the parties' propensity for filing motions, the Court mandates that the parties request leave to file any future motions. The request must be filed and should succinctly identify the proposed motion and explain why it is necessary at this late stage in the litigation. The request should not exceed three (3) pages. Upon review of the request, the Court will determine whether to authorize the filing of the proposed motion.

## IV. CONCLUSION

In accordance with the foregoing, the Court HEREBY DENIES Plaintiff's Motion to Amend the Deadline to File Motions in Limine and GRANTS IN PART AND DENIES IN PART Defendants' Motion to Amend the Sixth Amended Rule 16 Scheduling Order to Permit the Filing of Three Additional Motions in Limine.

Defendants' deadline to file their motions in limine is **October 25, 2018**, and Plaintiff's response deadline is **October 29, 2018**.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 22, 2018.

Jill A. Otake
United States District Judge

CV 16-00114 JAO-KSC; *Gramercy Group, Inc. v. D.A. Builders, LLC, et al.*; ORDER (1) DENYING PLAINTIFF'S MOTION TO AMEND THE DEADLINE TO FILE MOTIONS IN LIMINE AND (2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO AMEND THE SIXTH AMENDED RULE 16 SCHEDULING ORDER TO PERMIT THE FILING OF THREE ADDITIONAL MOTIONS IN LIMINE

13