IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| GRAMERCY GROUP, INC., <br><br>　　　Plaintiff, <br><br>　　v. <br><br>D.A. BUILDERS, LLC a/k/a D.A. BUILDERS; DAVID A. ALCOS III; JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and OTHER ENTITIES 1-10, <br><br>　　　Defendants. | CIVIL NO. 16-00114-JAO-KSC <br><br> **MEMORANDUM IN SUPPORT OF MOTION** |
| D.A. BUILDERS, LLC, <br><br>　　　Counterclaim Plaintiff, <br><br>　　v. <br><br>GRAMERCY GROUP, INC., <br><br>　　　Counterclaim Defendant. | |

**MEMORANDUM IN SUPPORT OF MOTION**

I.　**INTRODUCTION**

　　Defendant and Counterclaim Plaintiff D.A. BUILDERS, LLC and Defendant DAVID A. ALCOS, III (collectively "***DAB***") respectfully move *in limine* for an order precluding Plaintiff and Counterclaim Defendant GRAMERCY GROUP INC. ("***Gramercy***") from using at trial documents that Gramercy

produced well after the November 24, 2017 discovery cut-off. Gramercy's belated productions and trial-by-ambush tactics are improper and should not be tolerated. Gramercy has no substantial justification for producing documents well after the discovery cut-off of November 24, 2017.

## II. ARGUMENT

The Court should preclude Gramercy from offering these belatedly produced documents because they clearly prejudice DAB. McDonald v. Cano, No. 1:09-CV-00730-SKO PC, 2013 WL 5183642, at *1 (E.D. Cal. Sept. 13, 2013); Hunt v. Cty. of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (upholding the denial of a motion to amend a pretrial order because it would have caused prejudice or surprise to opposing party, it was made less than three weeks before trial began, and it would have interfered with efficient conduct of the case); Avila v. Willits Envtl. Remediation Tr., 633 F.3d 828, 833 (9th Cir. 2011) ("[D]istrict judges have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16"); In re Ateco Inc., Case No. 1:10-BK-22623-MT, 2013 WL 5803651, at *12 (Bankr. C.D. Cal. Oct. 28, 2013) ("A voluminous undifferentiated 'document dump' is sanctionable even when done long before trial as part of discovery, and this is certainly not permitted instead as an unidentified mass of exhibits shortly before trial" (citations omitted)).

Rule 37 of the Federal Rules of Civil Procedure ("***FRCP***") provides:

> if a party fails to provide information or identify a witness as required by Rule 26(a) or (e) the party is ***not allowed to use that information***

5

or witness *to supply evidence* on a motion, at a hearing, *or at a trial*, unless the failure was substantially justified or is harmless.

FRCP 37(c)(1) (emphasis added).

Gramercy's document dump prejudices DAB and is neither justified nor harmless. DAB has no opportunity to conduct discovery at this late date. None of these documents were available for DAB's witnesses to review before their depositions in this matter. Moreover, DAB was wrongfully deprived of the opportunity of seeking discovery from Gramercy or third-parties regarding these untimely exhibits. The sanction of precluding Gramercy from using these documents at trial is warranted here.

The Court has recognized the contentious nature of this case and the high volume of motions filed since February 2018 when the case was ready for trial to commence on March 13, 2018. It is important to understand, however, that Gramercy withheld the documents referenced in this motion while filing countless motions to reopen discovery and obtain more discovery from DAB. DAB has not filed any motions since February 2018 until it was recently ambushed with Gramercy's document dump in recent weeks.

DAB has bent over backward to avoid needless discovery disputes. Between February 20, 2018, when DAB identified and exchanged its trial exhibits on February 20, 2018, DAB has withdrawn 54 trial exhibits (Exhibits 767–820), and added a single four-page trial exhibit (Exhibit 730A), which was disclosed on August 16, 2018.

The single trial exhibit that DAB added is the Supplemental Report (R1), which is a four-page document that revises DAB's damages downward by $382,341 by correcting a simple mathematical error involving Hawai'i General Excise Tax. Gramercy had the opportunity to depose DAB's experts regarding this single new exhibit at expert depositions on August 23, 2018, August 24, 2018, and October 11, 2018.

On the other hand, Gramercy has been complaining *ad nauseum* about thirty-five pages of documents that DAB thought it had produced in August 2017 but ultimately produced in March 2017, attempting to use that as a means of further delaying trial and obtaining unnecessary discovery. At the same time, they withheld more than 10,000 pages of documents, lying in wait to dump them on DAB at the last minute.

The sanctions in Rule 37(c) were created for this exact situation. The Court should not permit Gramercy to use any of its late-produced documents at trial in this matter.

### III. LATE-PRODUCED DOCUMENTS AT-ISSUE IN THIS MOTION

#### A. Gramercy's Stealth Production of Documents Bates-Labeled 02001001–02005980 on October 9, 2018

On October 9, 2018, Gramercy delivered to DAB a new exhibit list and an unlabeled red-well folder with loose documents and a DVD inside. This appeared to be an update to its trial exhibits that were identified and exchanged on February 13, 2018. The DVD inside the red-well folder was one of three exhibits identified

7

with a tab identified as "NEW." These "NEW" exhibits were Gramercy's Trial Exhibits 255-A,[1] 255-B, and 255-C. Trial Exhibit 255, which was identified and exchanged on February 13, 2018, was Gramercy's job cost journal, containing documents bates-labeled 01182421 to 01182525, which was produced by Gramercy prior to the discovery cut-off on November 13, 2017.

Gramercy's "NEW" Trial Exhibit 255-B was a CD containing documents 5,980 pages of documents bates-labeled 02001001 to 02005980. Gramercy's "NEW" Trial Exhibit 255-C purports to be a FRE 1006 summary of Gramercy's newly produced documents. Gramercy never produced documents in that bates-range in this case. Gramercy sent an e-mail containing a drop-box link to newly produced documents bates-labeled 01190214 to 01197986 at 7:05 p.m. on October 8, 2018. Although Gramercy identified Trial Exhibit 255-B as being "NEW," DAB only discovered recently just how "NEW" it was because the documents therein were part of a "NEW" stealth production, which Gramercy apparently hoped or believed that DAB's attorneys would not notice.

Making matters worse, it appears that Gramercy has been sitting on the documents produced for the first time on the CD identified as Trial Exhibit 255-B for at least eight months. DAB had noticed before that Gramercy's Trial Exhibit 256, which was identified and exchanged on February 13, 2018, contained documents bates-labeled 02005981 to 02005987, which had not been produced by

---

[1] Exhibit 255-A is discussed in Part III.D. *infra*.

Gramercy prior to that date.[2]

The documents in Trial Exhibit 256 are authorizations by DAB for Gramercy to directly pay various unions. Gramercy's payments to these unions were one of the few issues in this contentious case on which the parties agreed. At least, Gramercy's prior counsel and DAB agreed on these amounts in February 2018. Common ground, however, has ebbed since Gramercy replaced its attorneys in May 2018, so it is not clear what Gramercy's position on these payments is now. But because these payments were not contested in February 2018 when Trial Exhibit 256 was identified by Gramercy, DAB did not realize until it was preparing this motion that these documents had not been produced by Gramercy before the discovery cut-off.

It now appears that Gramercy has been sitting on its stealth production of documents 02001001 to 02005980 since at least February 2018, as these bates-labels predate the documents bates-labeled 02001001 to 02005980. Gramercy initiated this lawsuit when it filed its Complaint on March 14, 2016. Gramercy provided no explanation for its withholding and stealth production of these documents on October 9, 2018, which was less than one-month before the trial was then scheduled to begin and is less than two-months before the continued trial date of December 3, 2018.

---

[2] Gramercy's final pre-discovery-cut-off document production on November 13, 2018, consisted of documents bates-labeled 01182418 to 01182543.

9

This stealth production is prejudicial to DAB and there is no substantial justification for Gramercy's actions. It is also important to note that Gramercy attempted to slide these documents by after DAB filed its Motion in Limine No. 1 on the issue of Gramercy's inability to prove its damages. This attempted sleight-of-hand was both deceitful and wrong. All of these documents should have been produced in response to requests 1, 2, 3, 4, 7, 8, 41, and 44 of DAB's First Request for Production of Documents, attached as Exhibit A, which was served on Gramercy on August 24, 2016. (*See* Dkt. 39.)

The Court should not allow Gramercy to use the documents bates-labeled 02001001 to 02005980, or any exhibit purporting to summarize these untimely produced documents, at trial.

### B. Missing Documents from Gaps in Gramercy's Timely Document Productions Produced for the First Time on October 9, 2018

First, in reviewing Gramercy's newly identified trial exhibits and their productions to date, there are several gaps in the productions Gramercy made prior to the discovery cut-off. Gramercy made its first document production in this matter on April 11, 2017, producing documents bates-labeled 01001001–01050459 on that date. Gramercy made a total of eleven separate document productions starting on April 11, 2017, and ending with the last timely document production occurring shortly before the discovery cut-off on November 13, 2017. The bates-range of those documents produced by Gramercy was 01001001–01182543.

The following documents were missing from the original productions

10

between April 11, 2017, and November 13, 2017:

### Table 1:  Gaps in Otherwise Timely Productions by Gramercy

| | |
|---|---|
| Missing from 4/11/2017 document production | 01045449 |
| Missing from 06/09/2017 document production | 01107071 to 01107096<br>01129111 to 01129130<br>01129844 to 01129863<br>01130937 to 01130951<br>01159170 to 01159179<br>01159358 to 01159367<br>01159632 to 01159641<br>01159711 to 01159725<br>01160061 to 01160086<br>01160780 to 01160794<br>01161140 to 01161154 |
| Gap between 10/2/2017 and 10/4/2017 document production | 01179266 to 01179303 |
| Gap between 10/4/17 document production and 10/5/2017 document production | 01179267 to 01179306 |
| Gap between 10/5/2017 and 11/10/2017 document production | 01179309 to 01181828 |

In its first of two recent exhibit dumps on October 9, 2018, Gramercy attempted to insert at least five trial exhibits containing documents that were never produced in this action and correspond with the missing bates-ranges in Table 1 above.

### Table 2:  New Trial Exhibits Containing Documents from Gaps in Gramercy's Timely Document Productions

| Gramercy's New Trial Exhibits Identified and Exchanged on October 9, 2018 | Bates-labels on documents included in new trial exhibits from missing range in table 1 above |
|---|---|

| Gramercy Trial Exhibit 373 | 01181411 |
| --- | --- |
| Gramercy Trial Exhibit 378 | 01181412 to 01181415; exhibit also contains final three pages with no bates-stamps |
| Gramercy Trial Exhibit 379 | 01181417 to 01181420 |
| Gramercy Trial Exhibit 380 | 01181410 to 01181411 |
| Gramercy Trial Exhibit 387 | 01179309 |

Gramercy cannot simply slip documents into its trial exhibits that it never otherwise produced. None of the documents identified in Table 1 were produced prior to October 9, 2018. Gramercy did not even afford DAB the courtesy of assigning new bates-labels to these newly produced documents, but apparently opted instead to sneak them into its trial exhibits in the hopes that DAB would not notice. Gramercy must not be allowed to use any of the documents identified in Table 1 at trial pursuant to Rule 37(c) of the FRCP.

### C. Missing Documents in the Gap Between the November 13, 2017, Production and the August 22, 2018 Production

On November 13, 2018, Gramercy produced documents bates-labeled 01182418 to 01182543. The document bates-labeled 01182543 was the last timely document produced by Gramercy prior to the discovery cut-off. The parties had agreed to conduct the deposition of David Alcos on November 24, 2018, which was the discovery cut-off. At that deposition, Gramercy introduced documents bates-labeled 01182557 to 01182581 as Exhibits 11–17 to David's deposition. These documents have also been identified as Gramercy Trial Exhibits 213, 214, and 217–20. Further, 01182584 to 01182585 has been identified as Gramercy Trial

12

Exhibit 222.

Although these documents were not formally produced, they were communications between Gramercy's attorneys and DAB's attorneys, so the non-production was essentially harmless to DAB. DAB will assert other objections to these documents at the appropriate time. However, to the extent that Gramercy attempts to use at trial or otherwise include as future trial exhibits other than documents 01182557 to 01182581 and 01182584 to 01182585 in the bates-label range of 01182543 to 0118999 that are not harmless to DAB, the Court should not allow Gramercy to do so because these documents were not produced to DAB (either before the discovery cut-off or after).

Although the relief requested in this section is undoubtedly premature, we believe it prudent to bring this missing document range to the Court's attention now given Gramercy's attempted use of other untimely disclosures described in this Motion.

### D. The Untimely August 22, 2018 Expert Deposition Document Ambush

Gramercy's "NEW" Trial Exhibit 255-A is a "NEW" job-cost journal containing documents bates-labeled 01190000 to 01190203, which was produced by Gramercy well after the discovery cut-off at 4:44 p.m. HST on August 22, 2018—one day before the continued deposition of Paul Versage on August 23, 2018, and two days before the continued deposition of Richard Tasker on August 24, 2018, both of which took place in California beginning at approximately 9 a.m.

13

PST. Gramercy also produced documents bates-labeled 01190204 to 01190213 at this time, which it identified on October 9, 2018, as Trial Exhibits 336 and 340.

Gramercy had no justification for producing new documents in advance of the depositions of DAB's experts in August 2018, as these depositions were limited in scope pursuant to Magistrate Judge Kevin Chang's June 22, 2018 Order (Dkt. 308) (which was not appealed by Gramercy) to their jointly authored Supplemental Expert Report dated January 8, 2018. It is axiomatic that the Supplemental Expert Report dated January 8, 2018, did not relate to documents produced by Gramercy more than seven months later.

The belated production of these documents was neither substantially justified nor harmless.

E.     **The Untimely October 8, 2018 Production.**

On the evening of October 8, 2018, which was one-day before the then-existing exhibit identification and exchange deadline of October 9, 2018, Gramercy produced 7,772 pages of new documents bates-labeled 01190214 to 01197986. Gramercy offered no explanation for its belated production of these documents. Gramercy included newly produced documents in its new Trial Exhibits, which were identified and exchanged on October 9, 2018, (Trial Exhibits 300–421) and October 15, 2018 (Trial Exhibits 422–515). Gramercy's Trial Exhibits 301, 304–15, 350, 350-A, 356, 358, 359, 360, 361, 375, 401, 402, 405, 405-A, 405-B, and 513 must be excluded because they consist of these new and

14

untimely produced documents.

Most, but certainly not all of these documents, consist of pictures of the work on the Project from 2015 and 2016. Gramercy has apparently had these documents in its possession, custody, and control for several years. All of these photographs should have been produced in response to requests 1, 4, 13, 19, and 44 of DAB's First Request for Production of Documents, which was served on Gramercy on August 24, 2016 (*See* Dkt. 39; Exhibit A (defining documents to include, among other things, photographs).)

There is no substantial justification for Gramercy's willful withholding and last minute dump of these documents on DAB. The Court should preclude Gramercy from using documents bates-labeled 01190214 to 01197986 at trial.

F.  **The Untimely October 15, 2018 Production.**

On October 15, 2018, Gramercy's attorneys produced fourteen new pages of documents bates-labeled 01192025.001, 01192028.001, and 01197987 to 01197998 in an e-mail dated October 15, 2018, at 4:06 p.m. Then, on October 15, 2018, at 4:37 p.m., Gramercy delivered to DAB's attorneys 1) hundreds of pages of documents identified as "exhibits to substitute within Plaintiff's Exhibits 1–421 to correct errors"; and 2) binders containing Gramercy's new trial exhibits 422–515. This second red-contained new documents to "add to the end of Exhibit 405-B" documents bates-labeled 01197987 to 01197998. However, hidden in the

15

middle of these new pictures were 32 pages of additional never-before-produced pictures 01197999 to 01198030.

On October 16, 2018, Gramercy produced a new Trial Exhibit 405, which was a DVD containing photographs 01191727-01198030, which had never been produced prior to October 15, 2018. All of these photographs are from February and March of 2016, and they should have been produced in response to DAB's First Request for Production of Documents. At the very least, they should have been included in a supplemental disclosure prior to the discovery cut-off on November 24, 2017. Instead, Gramercy waited until the eve of trial—nearly eleven months after discovery had closed—to ambush DAB with its most recent untimely production of documents.

## IV. CONCLUSION

For the reasons set forth above, DAB respectfully requests that the Court preclude Gramercy from using the documents it produced after the November 24, 2017 discovery cut-off at trial.

/

/

/

/

/

DATED: Honolulu, Hawaiʻi, October 25, 2018.

*/s/ Kirk M. Neste*
KEITH Y. YAMADA
CHRISTOPHER T. GOODIN
DANA A. BARBATA
KIRK M. NESTE
RICHARD E. WILSON
Attorneys for Defendants
D.A. BUILDERS, LLC a/k/a   D.A. BUILDERS and DAVID A. ALCOS III