# MINUTES

| | |
|---|---|
| CASE NUMBER: | 1:16-cv-00114 JAO-KSC |
| CASE NAME: | Gramercy Group, Inc. v. D.A. Builders, LLC |
| ATTYS FOR PLA: | Margery S. Bronster |
| | Lanson K. Kupau |
| ATTYS FOR DEFTS: | Richard Wilson |
| | Dana Barbata |
| | Kirk Neste |
| | Keith Yamada |

| | | | |
|---|---|---|---|
| JUDGE: | Jill A. Otake | REPORTER: | Debi Read |
| DATE: | 11/20/2018 | TIME: | 2:00pm-3:35pm |

COURT ACTION:  EP: Further Hearing on Various Motions [247]-[252], [254], [256]-[262], [264], [271], [400], and [404] was held.

Discussion held.

The parties are advised that they are responsible for informing their witnesses regarding the Court's rulings on the Motions in Limine.

Counsel are to confer regarding whether Plaintiff will file a Motion to Dismiss Count IX. If Plaintiff wishes to do so with prejudice, and Defendant has no objection, a Stipulation for Dismissal is due by noon on 11/23/18 to otake_orders@hid.uscourts.gov.  If Defendant objects, the Motion to Dismiss will be due by noon on 11/23/18.  The Motion shall not exceed 2 pages.  The opposition shall not exceed 4 pages and is also due by noon on 11/23/18.  A reply, if any, is due by 9:00 AM on 11/26/2018, and shall not exceed 4 pages.

Declaration of Margery Bronster addressing damages summary is due by noon on 11/21/2018.

Briefs addressing witness exclusionary rule are due by 5:00 PM on 11/21/2018.

By 5:00 PM on each trial day, counsel must disclose to opposing counsel all exhibits they intend to use the following day. If there are any objections, counsel must notify the Courtroom Manager (by email) by 8:00 PM.

Gramercy to produce substituted Exhibits including bates-stamped pages by noon on 11/30/2018.

For the reasons stated on the record, the following motions are ruled upon as follows:

[257] Plaintiff Gramercy Group, Inc.'s Motion in Limine No. 1 to Preclude Defendants from Relying Upon Documents and Witnesses Disclosed After the Close of Discovery - DENIED

[247] Plaintiff Gramercy Group, Inc.'s Motion in Limine No. 2 to Preclude Defendants from Introducing Evidence of Settlement Negotiations - GRANTED in part, DENIED in part.

[248] Plaintiff Gramercy Group, Inc.'s Motion in Limine No. 3 to Preclude Defendants from Introducing Evidence Regarding the Missing Advanced Payment - DENIED

[250] Plaintiff Gramercy Group, Inc.'s Motion in Limine No. 4 to Exclude All Evidence, Testimony, or Argument Regarding the TRG-DCK Settlement Agreement and/or Related Settlement Negotiations, Offers, Positions, or Communications  - DENIED

[256] Plaintiff Gramercy Group, Inc.'s Motion in Limine No. 5 to Exclude All Evidence, Testimony, or Argument Relating to the Swanson Arbitration  - DENIED

[254] Plaintiff Gramercy Group, Inc.'s Motion in Limine No. 6 to Preclude Defendants from Introducing Testimony Based Upon Inadmissible Hearsay - DENIED AS MOOT with regard to Travis Alcos' testimony about negotiations he did not witness and DENIED without prejudice with regard to the Sage reports.

[252] Plaintiff Gramercy Group, Inc.'s Motion in Limine No. 7 to Exclude Allegations or Organized Crime and Financial Implications of an Adverse Verdict Against Defendants - DENIED as MOOT as to the "Mafia" motion, GRANTED in part as to the "Adverse Verdict" motion.

[249] Plaintiff Gramercy Group, Inc.'s Motion in Limine No. 8 to Preclude Defendants from Relying on Expert Opinions after August 23, 2017 - DENIED

[251] Plaintiff Gramercy Group, Inc.'s Motion in Limine No. 9 to Exclude Evidence or Testimony Regarding Requests for Additional Compensation That Were Not Timely Submitted Under the Subcontract - DENIED

[258] Defendants D.A. Builders, LLC & David A. Alcos, III's Motion in Limine #1 to Preclude Evidence and Testimony Regarding Gramercy's Alleged Damages - DENIED without prejudice.

[259] Defendants D.A. Builders, LLC & David A. Alcos, III's Motion in Limine #2 to Preclude Testimony and Evidence Regarding Gramercy's Claims of Unjust Enrichment and Conversion - DENIED without prejudice.

[260] Defendants D.A. Builders, LLC & David A. Alcos, III's Motion in Limine #3 to Preclude Testimony from Witnesses in Categories 26, 34-48, of Plaintiff's Pretrial Statement (Dkt. #219) - DENIED in part, GRANTED in part.

[261] Defendants D.A. Builders, LLC & David A. Alcos, III's Motion in Limine #4 to Preclude Testimony and Evidence Regarding DA Builders, LLC'S Pre-Contract Back Taxes - DENIED

[262] Defendants D.A. Builders, LLC & David A. Alcos, III's Motion in Limine #5 to Limit the Testimony of Gramercy's Experts to the Opinions Contained in Their Reports - GRANTED in part, DENIED in part.

[271] Defendants D.A. Builders, LLC & David A. Alcos, III's Motion in Limine #6 to Preclude Evidence and Testimony Regarding Gramercy's Allegations That DAB Participated in Unsanctioned Job Activities - DENIED

[264] Defendants D.A. Builders, LLC & David A. Alcos, III's Motion in Limine #7 to Preclude Testimony by Marie J. Hoenings - DENIED

[404] Defendants' Motion to Strike Their Attorney, Keith Y. Yamada, from Plaintiff's Final Comprehensive Witness List - GRANTED

[400] Defendant and Counterclaim Plaintiff D.A. Builders, LLC and Defendant David A. Alcos, III's Motion in Limine #8 to Preclude Gramercy from Using Documents Produced After the Discovery Cut-Off at Trial - DENIED in part, GRANTED in part.

Submitted by: Shelli Mizukami, Courtroom Manager