IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GRAMERCY GROUP, INC., | CIVIL NO. 16-00114 JAO-KSC |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS WITH PREJUDICE COUNT IX OF THE FIRST AMENDED COMPLAINT |
| vs. | |
| D.A. BUILDERS, LLC aka D.A. BUILDERS; DAVID A. ALCOS III; JOHN DOES 1-20; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; OTHER ENTITIES 1-10, | |
| Defendants. | |

ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS
WITH PREJUDICE COUNT IX OF THE FIRST AMENDED COMPLAINT

INTRODUCTION

Plaintiff Gramercy Group, Inc. ("Plaintiff") moves to dismiss with prejudice Count IX (Gramercy's Interest in the Pledged Ewa Beach Property) of the First Amended Complaint. At the November 20, 2018 continued hearing on the parties' motions in limine, Plaintiff offered, for the first time, to dismiss Count IX with prejudice. For the reasons articulated below, the Court GRANTS the Motion subject to certain conditions.

## DISCUSSION

Plaintiff argues that Count IX should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1) because: 1) David Alcos stipulated to the Fourth Amended Notice of Pendency of Action ("NOPA"), but it was never recorded, which means the NOPA is invalid and any ruling about Plaintiff's interest in the subject property would exceed this Court's jurisdiction; 2) World Business Lenders, LLC, an unrelated third-party, initiated a foreclosure action regarding the subject property and Plaintiff has not sought to intervene; 3) the subject property is so encumbered by other unrelated claims that any interest Plaintiff would have had would be moot; and 4) although Mr. Alcos signed a Guaranty purporting to pledge the subject property, he never validly pledged it.

Defendants argue that Plaintiff's attempt to dismiss Count IX at this late date evidences its bad faith in asserting the claim. Although Defendants support dismissal, they request that a number of conditions be imposed, including an award of attorneys' fees and costs; permission to inform the jury that Plaintiff sought to foreclose until 10 days before trial; permission to discuss the NOPAs and their contents; and permission to examine witnesses without limitation about the dismissed claim.

A. Federal Rule of Civil Procedure 12(b)(1)

As a preliminary matter, the Court notes that Plaintiff incorrectly relies on Federal Rule of Civil Procedure ("FRCP") 12(b)(1) as a basis to dismiss Count IX. FRCP 12(b) provides:

> (b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> (1) lack of subject-matter jurisdiction;
>
> . . . .
>
> A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

Fed. R. Civ. P. 12(b). " If a party so moves, any defense listed in Rule 12(b)(1)-(7)--whether made in a pleading or by motion--and a motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial." Fed. R. Civ. P. 12(i).

A court must dismiss an action if at anytime it determines that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). "Although Rule 12(h)(1) permits a party to bring a Rule 12(b)(1) motion at any point and the court may consider jurisdiction on its own motion under Rule 12(h)(3), nowhere is it suggested that the opportunity to bring a Rule 12(b)(1) motion is extended to the

3

party presenting the claim in the first place." *Feezor v. Excel Stockton, LLC*, No. CIV S 12-0156 KJM, 2013 WL 2485623, at *11 (E.D. Cal. June 10, 2013). Thus, while a defendant may avail itself of FRCP 12(b)(1), this provision does not provide a legal basis for Plaintiff to request dismissal. Even if it did, the purported invalidity of the Fourth Amended NOPA does not affect the Court's subject matter jurisdiction with respect to Count IX.

B.  Federal Rule of Civil Procedure 41(a)(2)

The proper authority governing Plaintiff's request is FRCP 41(a)(2), which provides:

> Except as provided in Rule 41(a)(1),[1] an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2). Decisions regarding motions for voluntary dismissal are left "to the district court's sound discretion and the court's order will not be disturbed unless the court has abused its discretion." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). A motion for voluntary dismissal should be granted "unless a defendant can show that it will suffer some plain legal

---

[1] A plaintiff may dismiss action without a court order by filing: "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1).

prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (citations omitted). "'[L]egal prejudice' means 'prejudice to some legal interest, some legal claim, some legal argument.'" *Id.* at 976. Plain legal prejudice does not result due to uncertainty from unresolved disputes or a threat of future litigation. *Id.* In addition, plain legal prejudice does not exist "merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Id.* Finally, incurring expenses defending against a lawsuit does not constitute legal prejudice. *Westlands*, 100 F.3d at 97. This is because a defendant's "interests can be protected by conditioning the dismissal upon the payment of appropriate costs and attorney fees." *Id.*

Courts make three determinations in exercising their discretion to allow dismissal: "(1) whether to allow the dismissal at all; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed." *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993), *aff'd sub nom.*, *Burnette v. Lockheed Missiles & Space Co.*, 72 F.3d 766 (9th Cir. 1995).

1. <u>Count IX Should be Dismissed With Prejudice</u>

In the present case, the Court, in its sound discretion, finds that dismissal with prejudice of Count IX is appropriate pursuant to FRCP 41(a)(2). Defendants

5

support dismissal and they will not suffer plain legal prejudice from a dismissal of Count IX. Even though Plaintiff may be attempting to gain a tactical advantage and Defendants have incurred expenses defending against the claim, neither amount to legal prejudice, especially because they can be remedied through the imposition of conditions. Accordingly, the Motion is GRANTED and Count IX is DISMISSED WITH PREJUDICE.

    2. <u>Dismissal Must be Subject to Conditions</u>

Given the record before it, the Court concludes that conditions must be imposed in allowing dismissal. The Court cannot turn a blind eye to the timing of Plaintiff's request to dismiss Count IX and Plaintiff's arguable admission that the claim lacks a legal basis. The very bases for dismissal that Plaintiff proffers have existed for some time. Yet it was not until the Court ruled that it would not exclude evidence of the Guaranty and the remedies sought by Plaintiff in Count IX that Plaintiff first expressed its willingness to dismiss the claim. Notably, this was two years and eight months after the commencement after the case, more than a year after the expiration of the dispositive motions deadline, and less than two weeks before trial. This not only evidences dilatory conduct, but calls into question the propriety of asserting and continuing to pursue the claim.

At the hearing, the Court learned that Plaintiff failed to record any of the four NOPAs in the Bureau of Conveyances. In the April 27, 2018 Stipulation

Regarding Notice of Pendency of Action; Order, which was signed by Plaintiff's former counsel, the parties stipulated that "Gramercy will immediately amend the NOPA to expunge the NOPA *insofar as it was filed and recorded on certain real properties*." Doc. No. 68 (emphasis added). This was a blatant misrepresentation to the Court and Defendants that the NOPAs[2]—or at least one iteration of the NOPAs—had been recorded in the Bureau of Conveyances. Any suggestion that the failure to record the Fourth Amended NOPA invalidates the NOPAs (a predicament caused solely by Plaintiff's failure) and divests the Court of jurisdiction to adjudicate Count IX is wholly without merit.

The Court also learned that World Business Lenders initiated the foreclosure proceeding regarding the subject property in or around March 2018. Plaintiff now argues that it has not sought to intervene in the foreclosure proceeding and that the subject property is so encumbered by other unrelated claims that any interest it might have would be moot. Plaintiff did not explain why, if this fact supports dismissal now, it was not brought to the Court's attention at the time the foreclosure proceeding commenced.

While Plaintiff's questionable actions cannot alone preclude dismissal of Count IX, they provide ample support for subjecting dismissal to the following conditions:

---

[2] The NOPAs can be found at Doc. Nos. 18, 22, 24, and 69.

- Defendants are entitled to their reasonable attorneys' fees and costs associated with the defense of Count IX;
- Defendants may raise the belated dismissal of Count IX; and
- Defendants may address the NOPAs and related Stipulation (Doc. Nos. 18, 22, 24, 68, and 69), and contents therein, notwithstanding the fact that Plaintiff failed to record the NOPAs.

Plaintiff raises a host of meritless arguments in opposition to Defendants' request for attorneys' fees and costs, none of which are supported by the governing law. The Court is authorized to condition dismissal upon the payment of appropriate attorneys' fees and costs. *Westlands*, 100 F.3d at 97. There is no requirement that a motion or request for fees be pending,[3] or that Defendants provide an independent legal basis for fees and costs. Even if this were not the case, the Subcontract and Guaranty Agreement are in the nature of assumpsit.

Under Hawaii law, "[o]rdinarily, attorneys' fees cannot be awarded as damages or costs unless so provided by statute, stipulation, or agreement." *Stanford Carr Dev. Corp. v. Unity House, Inc.*, 111 Hawai'i 286, 305, 141 P.3d 459, 478 (2006) (citation and quotation marks omitted); *DFS Group, L.P. v. Paiea Props.*, 110 Hawai'i 217, 219, 131 P.3d 500, 502 (2006) (quoting *TSA Int'l, Ltd. v. Shimizu Corp.*, 92 Hawai'i 243, 263, 990 P.2d 713, 733 (1999) ("Generally, under

---

[3] In fact, any such request would be premature under FRCP 54(d).

the 'American Rule,' each party is responsible for paying his or her own litigation expenses. A notable exception to the 'American Rule,' however, is the rule that attorneys' fees may be awarded to the prevailing party where such an award is provided for by statute, stipulation, or agreement.")). Hawai'i Revised Statutes ("HRS") § 607-14 is a statutory exception to the American Rule. *DFS*, 110 Hawai'i at 219, 131 P.3d at 502. It mandates the recovery of fees when a promissory note or contract provides for the same, in writing, or when an action is in the nature of assumpsit. "Assumpsit is a common law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations." *808 Dev., LLC v. Murakami*, 111 Hawai'i 349, 366, 141 P.3d 996, 1013 (2006) (citation, emphases, and quotation marks omitted); *Helfand v. Gerson*, 105 F.3d 530, 537 (9th Cir. 1997) ("Under Hawaii case law, an action in the nature of assumpsit includes 'all possible contract claims.'").

Due to the suspect timing of the dismissal of Count IX, as discussed above, the Court finds that disclosure of the belated dismissal is appropriate and relevant. Moreover, while this Order dismisses the claim, the pledge of the subject property and subsequent encumbrance remain as allegations asserted in support of Plaintiff's fraud/misrepresentation claim (Count V). Doc. No. 15 at ¶ 98 ("As part of the DA Subcontract DA pledged the Pledged Ewa Beach Real Property, and

9

represented that DA or David Alcos was the owner of this real estate."); *Id.* at ¶ 99 ("Approximately seven (7) days after signing the DA Guaranty, David Alcos encumbered the real estate with a mortgage of approximately $400,000.00.").

Finally, the Court permits Defendants to discuss the NOPAs as specified because the NOPAs and related Stipulation were filed in this action. That Plaintiff failed to record the NOPAs does not change the fact that they are matters of public record disclosing that Plaintiff sought to foreclose upon the subject property throughout the course of this litigation.

## CONCLUSION

In accordance with the foregoing, the Court HEREBY GRANTS Plaintiff's Motion to Dismiss With Prejudice Count IX of the First Amended Complaint, filed November 23, 2018, subject to the conditions set forth above.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 26, 2018.

Jill A. Otake
United States District Judge

CIVIL NO. 16-00114 JAO-KSC; *GRAMERCY GROUP, INC. V. D.A. BUILDERS, LLC, ET AL.*; ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS WITH PREJUDICE COUNT IX OF THE FIRST AMENDED COMPLAINT