IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| GRAMERCY GROUP, INC., | ) CIVIL NO. 16-00114 JAO-RT |
|---|---|
| Plaintiff, | ) ORDER DIRECTING ENTRY OF ) JUDGMENT |
| vs. | ) |
| D.A. BUILDERS, LLC aka D.A. BUILDERS; DAVID A. ALCOS III; JOHN DOES 1-20; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; OTHER ENTITIES 1-10, | ) |
| Defendants. | ) |

## ORDER DIRECTING ENTRY OF JUDGMENT

The trial in this case spanned from December 3, 2018 to January 4, 2019. On January 11, 2019, the jury rendered a verdict in favor of Plaintiff/Counterclaim Defendant Gramercy Group, Inc. ("Gramercy") and Defendant/Counterclaim Plaintiff D.A. Builders ("D.A. Builders"). ECF No. 602. Following the entry of the Special Verdict Form, the parties commenced settlement negotiations. During the pendency of negotiations, the Court held in abeyance all outstanding rulings pertaining to the parties' motions for judgment as a matter of law. On May 7, 2019, the Court cautioned the parties that if they did not reach a settlement by May 17, 2019, it would issue rulings on all pending motions. ECF No. 631.

On May 17, 2019, Gramercy filed a Notice of Bankruptcy Case Filing by Plaintiff Gramercy Group, Inc., Exhibit A, and Automatic Stay. ECF No. 632. The same day, the Court issued an Entering Order limiting the 11 U.S.C. § 362 automatic stay to the counterclaims against Gramercy. ECF No. 633.

On May 20, 2019, the Court issued an Entering Order deeming moot D.A. Builders' Motion for Judgment as a Matter of Law. ECF No. 635. Given the jury's verdict, the disposition of D.A. Builders' Motion for Judgment as a Matter of Law, and the lack of issues remaining for disposition, the Court HEREBY DIRECTS the Clerk to enter judgment pursuant to Federal Rule of Civil Procedure ("FRCP") 54(b)[1] in favor of Gramercy and against D.A. Builders with respect to Gramercy's claims for the reasons articulated below.

## DISCUSSION

FRCP 54(b) provides:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. . . .

---

[1] In appropriate cases, the district court may address this issue sua sponte. 10 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2660 (4th ed.). The Court finds it appropriate to address FRCP 54(b) certification sua sponte due to the circumstances of this case.

Fed. R. Civ. P. 54(b). The Court employs a two-part framework for FRCP 54(b) determinations. First, the Court must ascertain whether it is dealing with a final judgment. "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (citation omitted); *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005). Next, the Court assesses "whether there is any just reason for delay." *Curtiss-Wright*, 446 U.S. at 8; *Wood*, 422 F.3d at 878. It is within the Court's sound discretion "to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Curtiss-Wright*, 446 U.S. at 8; *Wood*, 422 F.3d at 878.

A. <u>The Judgment is Final</u>

The subject judgment is a decision by the jury as to Gramercy's claims against Defendants. And it is final in that it is an ultimate disposition of Gramercy's claims in an action that also involves counterclaims. Having determined that it is dealing with a final judgment for the purposes of FRCP 54(b), the Court now considers whether there is any just reason for delay.

B. <u>There are no Just Reasons for Delay</u>

Based on the procedural posture and unique circumstances of this case, the Court finds that there are no just reasons for delay. In making such a

determination, the Court must factor judicial administrative interests and the equities involved. *Curtiss-Wright*, 446 U.S. at 8. FRCP 54(b) judgments "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981). The trial court is required to make "specific findings setting forth the reasons for its order." *Id.*

District courts may "consider such factors as whether the adjudicated claims were separable from the others and whether the nature of the claim was such that no appellate court would have to decide the same issues more than once." *Wood*, 422 F.3d at 878 n.2 (quoting *Curtiss-Wright*, 446 U.S. at 8 & n.2). In the absence of any of these factors, certification is not necessarily improper, but "would require the district court 'to find a sufficiently important reason for nonetheless granting certification.'" *Id.* (quoting *Curtiss-Wright*, 446 U.S. at 8 & n.2). "A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result, documented by further and specific findings." *Morrison-Knudsen*, 655 F.2d at 965.

Here, trial concluded and the verdict entered in January. If not for the settlement negotiations, the Court would have likewise entered judgment in January. Further, if not for the automatic stay, the Court would have also ruled on Gramercy's Motion for Judgment as a Matter of Law and entered judgment as to the entire case on May 17, 2019. Because the parties have not achieved a settlement,[2] and it does not appear they will do so, there is no just reason for further delay. More than four months have lapsed since trial/entry of the verdict and the proceedings against Gramercy are now subject to an automatic stay due to its Chapter 11 bankruptcy action. With no current prospect of settlement, judicial administrative interests will not be served by continuing to hold in abeyance the entry of judgment on Gramercy's primary claims until after the conclusion of the bankruptcy proceedings and the lifting of the automatic stay, which is the earliest the Court can enter final judgment as to the counterclaims.

The expected duration of the bankruptcy proceedings is presently unknown. Therefore, it makes little sense to refrain from entering judgment for an indefinite period of time on claims that are not subject to the automatic stay. Although the Court acknowledges that the primary claims and the counterclaims arise out of the same transaction and project, they rely on distinct facts, and certain of the parties'

---

[2] On February 21, 2019, the parties placed a partial settlement on the record. ECF No. 620. However, this did not resolve all outstanding issues and claims.

legal claims differ.³ The Court finds that the primary claims are separable from the counterclaims and would not cause the Ninth Circuit to decide the same issues more than once. Moreover, there is always a possibility, however remote, that the entry of final judgment as to the primary claims will facilitate settlement. Even though the parties have not reached a settlement, they and the Magistrate Judge have invested a considerable amount of time and effort into the process, which might ultimately prove fruitful. *See, e.g., Wood*, 422 F.3d at 878 ("[I]f the district court concluded that an appellate court might have to face the same issues on a later appeal, this downside might be offset by the upside of finding that appellate resolution of the certified claims might facilitate settlement of the remaining claims.").

## CONCLUSION

For the reasons stated above, the Court directs the Clerk to enter judgment in Gramercy's favor and against D.A. Builders pursuant to FRCP 54(b).

---

³ The Court is intimately familiar with the parties' claims, having presided over the 18-day trial.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, May 21, 2019.



Jill A. Otake
United States District Judge

CIVIL NO. 16-00114 JAO-RT; *Gramercy Group, Inc. v. D.A. Builders, et al.*; ORDER DIRECTING ENTRY OF JUDGMENT